IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-238-D

| | |
|---|---|
| LTC DONALD SULLIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STATE OF NORTH CAROLINA, et al., ) | |
| ) | |
| Defendants. ) | |

On November 18, 2011, Lt. Col. Donald Sullivan ("plaintiff" or "Sullivan"), proceeding pro se, filed a complaint against the State of North Carolina,[1] Pender County Clerk of Court Robert Kilroy, and Pender County Superior Court Judge Jay Donald Hockenbury (collectively, "the state defendants") and the Pender County Sheriff's Department, Pender County Sheriff Carson Smith, and Pender County deputy sheriffs Hugh Frasier, Kevin Kemp, John Doe, and Jane Doe (collectively, "the county defendants"). Compl. [D.E. 1]. Sullivan describes his claims as arising pursuant to 42 U.S.C. § 1983 and "the law and statutes of the State of North Carolina." Compl. ¶ 1. On June 15, 2012, the court referred the pending motions in this case to Magistrate Judge William A. Webb for a memorandum and recommendation [D.E. 54]. On July 2, 2012, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R") [D.E. 60]. As explained below, the court dismisses Sullivan's federal claims with prejudice, dismisses Sullivan's state-law claims without prejudice, and denies (for the most part) the remaining motions.

---

[1] Sullivan "agree[s] that the claims against Defendant State of North Carolina must be dismissed due to no jurisdiction." Pl.'s Objections 3. Thus the court dismisses the State of North Carolina without further discussion.

I.

No party objects to Magistrate Judge Webb's recitation of the factual background of this case or the recitation of the legal standards for reviewing motions to dismiss or for judgment on the pleadings. See M&R 2–6. Thus, the court adopts those portions of the M&R.

> On May 13, 2008, Plaintiff entered the county courthouse in Pender County, North Carolina, openly wearing a holstered, loaded firearm. Compl. ¶ 18, ¶ 19. Defendants Hugh Frasier and Kevin Kemp, both deputies with the Pender County Sheriff's Office, arrested Plaintiff at the courthouse for violation of N.C. Gen. Stat. § 14-269.4 and immediately transported him to the Pender County jail, located one-half block away from the courthouse. Id. at ¶ 19. At the jail, a magistrate reviewed the information presented by the deputies and released Plaintiff on a $500.00 cash bond. Id. at ¶ 20. A jury subsequently found Plaintiff guilty of violating N.C. Gen. Stat. § 14-269.4. Id. at ¶ 21. Defendant Superior Court Judge Jay Donald Hockenbury presided over the trial, at which Plaintiff represented himself. During trial, Judge Hockenbury did not permit Plaintiff to introduce into evidence copies of the Second Amendment to the United States Constitution, Article 1, Section 30 of the North Carolina Constitution, or legislative research regarding the right to bear arms. Id. at ¶¶ 21–23. Plaintiff immediately appealed the jury's verdict following sentencing, and Judge Hockenbury set a $200.00 appeal bond. Id. at ¶ 25. Deputy Frasier then escorted Plaintiff from the courtroom, placed him in the front seat of his patrol vehicle, and drove him from the Pender County courthouse to the jail to pay his appeal bond. Id. Plaintiff wore handcuffs while in the patrol vehicle. When they reached the jail, the magistrate was unavailable. Plaintiff remained in a holding cell with several other persons he describes as "unsavory" for approximately three hours waiting for the magistrate to accept his appeal bond. Id. at ¶ 28.
>
> On appeal, the North Carolina Court of Appeals found no error in Plaintiff's conviction, see State v. Sullivan, 202 N.C. App. 553, 691 S.E.2d 417 (2010), and the Supreme Court of North Carolina and the United States Supreme Court denied Plaintiff's petitions for review, see 364 N.C. 331, 701 S.E.2d 673 (2010), cert. denied, 131 S. Ct. 1053 (2011). [Compl.] at ¶ 29.

M&R 2–3 (footnote omitted).

Sullivan asserts various defects in the criminal pretrial and trial proceedings against him, including being "arrested without a warrant and [sic] when [Sullivan] was not disturbing the peace or committing a felony in the view of the arresting officer" and being tried before "a properly constituted, but improperly sworn, jury." Compl. ¶¶ 19–28. Sullivan asserts violations of 42 U.S.C.

2

§ 1983 in that defendants "deprived [Sullivan] of rights, privileges, and immunities secured . . . by the . . . Fourth, Fifth, Sixth and Fourteenth Amendments" to the United States Constitution and unspecified federal laws. Id. ¶ 32. Sullivan also asserts state-law claims of false arrest, false imprisonment, "mental anguish," and violations of the North Carolina Constitution by defendants Kilroy and Hockenbury in "deny[ing Sullivan's] right of due process in the form of a properly set jury of [his] peers." Id. ¶¶ 33–62. Sullivan seeks over $1 million in damages, injunctive relief, "including, but not limited to, an order providing for the elimination of similar false arrests and/or imprisonments where no felony against life or property, or no threat to the peace, has been observed" and "an order providing for sanctions against any member of the judiciary failing to administer the proper oath to any officer of the court as provided by statutory and constitutional law," and litigation fees and costs of the action. Id.

On December 9 and 22, 2011, and February 24, 2012, all defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) [D.E. 7, 13, 42]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Sullivan about the motions, the consequences of failing to respond, and the response deadlines [D.E. 9, 15]. Sullivan responded in opposition to the motions [D.E. 20, 22] and filed motions to stay and to amend his complaint and for a hearing [D.E. 16, 20, 24, 46].[2] On January 3, 2012, Sullivan filed a motion for sanctions [D.E. 17]. On February 2, 2012, Sullivan filed a motion for writ of mandamus requiring the state defendants to issue proper oaths to juries [D.E. 30]. On June 4 and 8, 2012, Sullivan filed motions

---

[2] Sullivan sought an extension of time until January 6, 2012, to respond in opposition to the state defendants' motion to dismiss [D.E. 11]. The court grants the motion and construes his January 3, 2012 motions to amend his complaint and to deny the motion to dismiss [D.E. 16, 20] as responses in opposition to the state defendants' motion to dismiss. See, e.g., Pl.'s Objections 2.

3

for criminal arrest warrants [D.E. 50, 52]. On June 28, 2012, Sullivan filed a motion for default judgment and hearing on his requests for arrest warrants [D.E. 58]. The state defendants have filed seven motions to strike plaintiff's filings [D.E. 18, 25, 31, 34, 40, 51, 53], and four motions for sanctions seeking a prefiling injunction against Sullivan [D.E. 19, 21, 45, 48]. Sullivan has responded in opposition to the state defendants' motions [D.E. 23, 32, 36, 41, 43–44, 47, 49, 61].

On July 2, 2012, Magistrate Judge Webb issued an M&R [D.E. 60], recommending that the court grant defendants' motions to dismiss [D.E. 7, 13] or for judgment on the pleadings [D.E. 42], and that plaintiff's complaint be dismissed for failure to state a claim. Magistrate Judge Webb further recommended denying plaintiff's motions [D.E. 16–17, 20, 24, 30, 46, 50, 52] and the state defendants' motions to strike [18, 25, 31, 34, 40, 51, 53], and granting the state defendants' motions for sanctions [D.E. 19, 21, 45, 48]. On July 18, 2012, Sullivan filed objections to the M&R [D.E. 62]. On July 20 and 26, 2012, all defendants filed responses to Sullivan's objections [D.E. 63–64]. On August 1, 2012, Sullivan filed a reply in support of his objections [D.E. 65].

II.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

First, the court addresses Sullivan's section 1983 claims. Magistrate Judge Webb found that Sullivan's section 1983 claims against defendants Hockenbury and Kilroy are barred by the doctrines of judicial and quasi-judicial immunity. M&R 8–10. Sullivan objects to this conclusion and argues

4

that such immunity "is not a standard. It is one of those rules which have exceptions, and those exceptions are operating in this matter." Pl.'s Objections 5. Contrary to Sullivan's argument, "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction...." Pierson v. Ray, 386 U.S. 547, 553–54 (1967), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); see Rehberg v. Paulk, 132 S. Ct. 1497, 1503 (2012). Likewise, quasi-judicial immunity protects court clerks. See Jarvis v. Chasanow, 448 F. App'x 406, 406 (4th Cir. 2011) (per curiam) (unpublished) (citing Briscoe v. LaHue, 460 U.S. 325, 335 (1983)); Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002); Wiley v. Buncombe Cnty., 846 F. Supp. 2d 480, 485 (W.D.N.C. 2012) ("The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." (quotation omitted) (collecting cases)). The court has considered the cases that Sullivan cites and finds that they do not alter this conclusion. For example, Sullivan's reliance on Rankin v. Howard, 633 F.2d 844, 849 (9th Cir. 1980), is misplaced, given that the Ninth Circuit has overruled Rankin. See Ashelman v. Pope, 793 F.2d 1072, 1077–78 (9th Cir. 1986) (en banc). Thus, the court adopts the conclusion in the M&R that defendants Hockenbury and Kilroy are immune from his claims seeking damages. To the extent Sullivan seeks to hold Kilroy "responsible for the errors and omissions of his assistant clerks and deputy clerks over whom he exercises supervisory authority[,]" Pl.'s Objections 8, the doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Carter v. Morris, 164 F.3d 215, 218, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Thus, Sullivan has failed to state a claim for damages against

5

Hockenbury or Kilroy. As for the request for injunctive relief, the request is moot. See, e.g., Alvarez v. Smith, 130 S. Ct. 576, 581 (2009) (collecting cases). Alternatively, Sullivan fails to state a claim upon which relief can be granted.

Next, the court addresses Sullivan's section 1983 claim against the Pender County Sheriff's Department. Magistrate Judge Webb concluded that this claim must be dismissed "because the sheriff's department does not have the legal capacity to be sued." M&R 10. In opposition to this conclusion, Sullivan cites Howlett ex rel. Howlett v. Rose, 496 U.S. 356 (1990). See Pl.'s Objections 9. In Howlett, the Supreme Court addressed "whether a state-law defense of 'sovereign immunity' is available to a school board otherwise subject to suit in [state] court even though such a defense would not be available if the action had been brought in a federal forum." 496 U.S. at 358–59. Howlett does not change the fact that the "capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. Burke Cnty., 660 F.2d 111, 113–14 (4th Cir. 1981); see Hill v. Robeson Cnty., N.C., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010) (collecting cases). Thus, Sullivan has failed to state a claim upon which relief can be granted against the Pender County Sheriff's Department.

As for Sullivan's section 1983 claims against the remainder of the county defendants, the parties agree that these defendants are not entitled to Eleventh Amendment immunity in their official capacities, as the M&R concluded. M&R 10–11; see Pl.'s Objections 13–17; County Defs.' Resp. 1–2. Thus, the court declines to adopt that portion of the M&R.

In order to state a claim against the county defendants in their official capacities, Sullivan must allege that conduct directly causing the alleged deprivation is done to effect official policy or custom for which the official is responsible. See, e.g., McMillian v. Monroe Cnty., 520 U.S. 781, 784–85 (1997); Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Personal-capacity suits seek to

6

impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." (quotation and citations omitted)); Love-Lane v. Martin, 355 F.3d 766, 782–83 (4th Cir. 2004). Sullivan's bald allegation that his initial arrest and detention after his trial resulted from "[t]he grossly negligent institution of a policy of arresting persons who have committed no felony or breach of the peace . . . or have chosen to post bond[,]" Compl. ¶ 41D, fails to plausibly contend that any county defendant was acting pursuant to any official policy or custom of the Pender County Sheriff's Department. See, e.g., Lavender v. City of Roanoke Sheriff's Office, 826 F. Supp. 2d 928, 934–35 (W.D. Va. 2011); Tobey v. Napolitano, 808 F. Supp. 2d 830, 838–39 (E.D. Va. 2011). Thus, the court dismisses any official-capacity claim against the county defendants.

To the extent Sullivan seeks to proceed against the county defendants in their individual capacities for temporarily detaining him on November 19, 2008, in order to process his appeal bond,[3] Magistrate Judge Webb concluded that Sullivan had failed to plausibly allege facts demonstrating that defendant Smith was liable for the actions of his deputies, and that Sullivan had failed to plausibly allege a constitutional violation on the part of any defendant:

> Similarly, Plaintiff states no claim for false arrest or imprisonment arising from his three-hour detention on November 19, 2008. The facts as alleged show that after being convicted of a criminal offense on November 19, 2008, Plaintiff was transported to the jail and held for three hours until his appeal bond could be processed. During this time, Plaintiff remained under the legal authority of the court pursuant to his criminal conviction. Plaintiff's belief to the contrary, this detention did not constitute a separate arrest.

M&R 13–14. Sullivan objects to this conclusion "and respond[s] that my complaint speaks for itself

---

[3] Sullivan concedes that any claim relating to his May 13, 2008 arrest is barred by the statute of limitations "and agree[s] to voluntarily dismiss it." Pl.'s Objections 17.

7

in this regard. Defendant Frazier's 'arrest' and incarceration of me merely to pay an appeal bond where the judge had already released me on my own recognizance is an act in violation of my constitutional rights and appears to be S.O.P. for the Sheriff's Department which is supervised by Defendant Smith." Pl.'s Objections 16–17.

Sullivan's claim concerning his temporary postconviction detention fails for the reasons discussed in the M&R. The court notes that—by Sullivan's own allegations—he was detained as the result of Judge Hockenbury's order setting a $200.00 appeal bond,[4] handcuffed only while in the patrol vehicle, and detained for a total of three hours before the magistrate was available. Thus, Sullivan has failed to allege a constitutional violation. See, e.g., Golberg v. Hennepin Cnty., 417 F.3d 808, 812 (8th Cir. 2005).

As for Sullivan's state-law claims, Sullivan concedes the dismissal of any claim relating to his May 13, 2008 arrest, but objects to the dismissal of his "claim for false arrest and false imprisonment on November 19, 2008," along with his "claims of gross negligence and mental anguish[.]" Pl.'s Objections 18. In light of the dismissal of Sullivan's federal claims, the court declines to exercise supplemental jurisdiction over Sullivan's state-law claims, and dismisses those claims without prejudice. 28 U.S.C. § 1367(c)(3); see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); ESAB Group, Inc. v. Zurich Ins. PLC, 685 F.3d 376, 394 (4th Cir. 2012); Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). Thus, the court declines to adopt that portion of the M&R which recommends dismissing Sullivan's state-law claims pursuant to Fed. R. Civ. P. 12(b)(6), and dismisses Sullivan's

---

[4] Although Sullivan argues that his postconviction detention was "an illegal restraint with no law or court order to support it[,]" he acknowledges that he was "released by the court subject to my suspended sentence and to the appeals process." Pl.'s Objections 18.

8

state-law claims without prejudice.

As for Sullivan's motion to amend the complaint,[5] Sullivan seeks leave to amend to make "partly administrative and partly substantive changes . . . . [to] clarify certain less relevant mistakes in the filing as well as provide clarification of certain items for relief." Pl.'s Objections 20. Magistrate Judge Webb recommended that the motion be denied because the amendments is futile. See M&R 18–19. Sullivan concedes that his proposed amendment would be "futile if this court elects to dismiss the complaint." Pl.'s Objections 20. The court concludes that amendment is futile for the reasons stated in the M&R. See M&R 19.

Next, the court addresses the state defendants' motions for a prefiling injunction. In recommending a prefiling injunction, Magistrate Judge Webb noted

> that the current lawsuit represents the seventh action that Plaintiff has filed in the Eastern District of North Carolina in the past eleven years. Plaintiff has also instituted at least five actions in state court. These actions invariably name as defendants—either singly or in combination—the United States, the State of North Carolina, Pender County, and other various government agencies or officials. None has been successful. Of the actions filed with this Court, three were dismissed for failure to state a claim. Sullivan v. United States Environmental Protection Agency, No. 7:02-CV-187-F (E.D.N.C. Apr. 29, 2003); Sullivan v. United States, No. 7:03-CV-22-F (E.D.N.C. Aug. 6, 2003); Sullivan v. United States, No. 7:03-CV-39-F (E.D.N.C. Apr. 15, 2003). One was dismissed as frivolous. Sullivan v. United States, No. 7:04-CV-103-FL (E.D.N.C. July 7, 2004). In her order dismissing Plaintiff's action as frivolous, Judge Flanagan declined to impose Rule 11 sanctions but "warned [Plaintiff] about his litigation conduct," noting that if Plaintiff filed other frivolous lawsuits, the Court would "consider monetary sanctions and restrictions on his right to file." Id. at 8–9. Judge Flanagan further advised Plaintiff "to consult with an attorney and carefully consider that attorney's professional advice before filing any other action in this court." Id. at 9.

M&R 19. Magistrate Judge Webb therefore recommends that the court enter the following prefiling

---

[5] Sullivan states that "Magistrate Judge Webb accurately describes the . . . items to be amended to my original complaint[.]" Pl.'s Objections 20. Thus, the court adopts that portion of the M&R describing the proposed amendments in detail. M&R 18.

9

injunction against Sullivan:

> When initiating any future actions in this Court against the federal or state government, their agencies, or officials, Plaintiff must attach to his complaint an affidavit signed by a duly licensed attorney admitted to practice law in the State of North Carolina averring that the attorney has reviewed the complaint in its entirety and, upon review, has a good-faith belief that (1) the proposed complaint states a claim upon which relief may be granted, (2) is not barred by issue or claim preclusion, and (3) is not repetitive of prior lawsuits filed by Plaintiff with this Court. The pre-filing injunction would not prevent Plaintiff from defending himself in a lawsuit, nor would it apply to complaints filed against non-governmental, private individuals or entities.

Id. 21–22. Sullivan objects and asserts "that what the State defendants suggest, and what Magistrate Judge Webb proposes, is to unconstitutionally deny me my First Amendment right to my counsel of choice, . . . including the right to act on my own behalf in the federal courts." Pl.'s Objections 21. Moreover, Sullivan notes that his "most recent filing of a federal lawsuit prior to this instant matter was eight years ago . . . which is a long time." Id. 23.

The court has considered the state defendants' requests that the court enter a prefiling injunction under Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818–20 (4th Cir. 2004). The use of prefiling injunctions against pro se plaintiffs must be "approached with particular caution." Id. at 818 (quotation omitted). In light of the entire record and the length of time since Sullivan's last filing in this court, the court declines to issue a prefiling injunction. However, the court warns Sullivan that future unsuccessful lawsuits filed in this district may result in sanctions, including monetary sanctions, dismissal, and a prefiling injunction. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40–41 (4th Cir. 1995). The court also notes that another judge in this district fully explained to Sullivan the legal requirements for stating section 1983 claims of supervisory liability or official capacity against defendant Smith, Sullivan v. Cnty. of Pender, N.C., No. 7:04-CV-26-FL, [D.E. 70] 14–18 (E.D.N.C. Mar. 28, 2006) (unpublished), yet Sullivan again failed to state a claim.

10

Finally, Sullivan objects to "Magistrate Judge Webb's shotgun recommendation for denial of all my motions[.]" Pl.'s Objections 25–29. To the extent Sullivan seeks discovery [D.E. 20], the court denies the motion as moot in light of the disposition of the case. To the extent Sullivan seeks a hearing on the motions to dismiss or for judgment on the pleadings [D.E. 46], the facts and the parties' legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. Thus, the court denies the motion.

As for Sullivan's motions for criminal arrest warrants [D.E. 50, 52], "the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts," and private citizens cannot petition federal courts to compel the criminal prosecution of another person. See Maine v. Taylor, 477 U.S. 131, 136 (1986); Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981); Lida R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, the court denies the motions. As for Sullivan's motion for default judgment [D.E. 58], Sullivan cites Fed. R. Civ. P. 55 and requests default judgment "regarding the failure by State defendants' attorneys to respond to" Sullivan's motions for criminal arrest warrants. Pl.'s Objections 28. However, Rule 55 applies when a party has "failed to plead or otherwise defend" an action, not when a party has not responded to a motion. Moreover, to the extent Sullivan's motion for default judgment seeks a hearing on his motions for criminal arrest warrants, the court denies his request as moot in light of the disposition of his motions for arrest warrants. Thus, the court denies the motion.

III.

In sum, the court has reviewed the record, the M&R, and the parties' responses thereto. The court ADOPTS IN PART and OVERRULES IN PART the M&R. The court GRANTS IN PART defendants' motions to dismiss and/or for judgment on the pleadings [D.E. 7, 13, 42] and DISMISSES plaintiff's section 1983 claims. The court DISMISSES plaintiff's state-law claims

11

WITHOUT PREJUDICE. The court GRANTS plaintiff's motion for an extension of time [D.E. 11]. The court DENIES all other motions [D.E. 16–21, 24–25, 30–31, 34, 40, 45–46, 48, 50–53, 58]. The Clerk of Court shall close the case.

SO ORDERED. This 29 day of August 2012.

JAMES C. DEVER III
Chief United States District Judge